ALFRED CLARK *vs.* DANIEL TUCKER.

ADDISON, January, 1834.

Under the 3d Sec. of the Act No. 3, regulating particular land taxes, directing the town clerk to record advertisements, the town clerk, after recording the advertisement of the committee at length, as dated the 3d of March, 1829, and certifying that it was inserted in the Vermont American, then adds that the same advertisement, dated March 10th, 1829, was inserted in the Rutland Herald, &c., *Held,* this is not a legal recording of advertisements, and the vendue sale is thereupon void.

This was an action of ejectment to recover the possession of a lot of land in Starksborough. Plea, *not guilty.*

The plaintiff claimed title by virtue of the levy of an execution, admitted to be valid, against one Isaac Merrill.

The defendant claimed title by virtue of a deed from one Hibbard Morrill, who held under a vendue deed from one William Worth, as collector of a land tax, laid by the legislature, in 1828, on the town of Starksborough, for the purpose of building roads and bridges in said town, under the direction of a committee appointed for that purpose.

The defendant, among other proceedings in relation to the vendue sale, offered the records of the town clerk, in in which appeared the following advertisement and certificate of said clerk, to which the plaintiff objected; but they were admitted in evidence by the court, to wit:

### ADVERTISEMENT.

"Whereas the Legislature of the State of Vermont, at their session at Montpelier, in the year A. D. 1828, assessed a tax of 4 cents per acre on all the lands *(lands sequestered to public, pious and charitable uses excepted)* in the Town of Starksborough, in the County of Addison, in said State, for the purpose of making and repairing roads and bridges, these are to warn the proprietors and land-owners of said Town, that they may have the privilege of working their respective taxes in the month of June and July, A. D. 1829.

SAMUEL HILL,
MYRON BUSHNELL, } *Committee.*
JOSEPH SMITH,

Dated March 3d, 1829."

### CERTIFICATES.

"I certify that the above advertisement was inserted in the Vermont American, a paper printed at Middlebury, in the County of Addison, 3 weeks successively, to wit: 1st, dated March 25, 1829, (Vol. 1, No. 50.)—2d, dated April 1, 1829, (Vol. 1, No. 51.)—3d, dated April 8, 129, (Vol. 1, No. 52.)

"Also the above advertisement bearing date March 10th,

ADDISON,
January,
1834.

Clark
vs.
Tucker.

1829, was published 3 weeks successively in the Rutland Herald, a paper printed at Rutland, in the County of Rutland—1st, dated March 24, 1829, (Vol. 35, No. 13.)—2d, dated March 31, 1829, (Vol. 35, No. 14.)—3d, dated April 7, 1829, (Vol. 35, No. 15.)

"Also the above advertisement dated March 10th, 1829, was published three weeks successively in the Vermont Republican and American Yeoman, a paper printed at Windsor, in the County of Windsor, as follows : 1st, dated March 28, 1829, (Vol. 21, No. 17.)—2d, dated April 4, 1829, (Vol. 21, No. 18.)—3d, dated April 11, 1829, (Vol. 21, No. 19.)"

Certified by the town clerk to be a true record, *only* the first advertisement was recorded at length, and reference for the others.

Other objections were made to the validity of the title under the vendue ; but as the court, in giving their opinion, have made no decisions upon them, they may be properly omitted.

*Ozias Seymour for defendant.*—The advertisement is recorded in the manner that the statute requires.

The word "advertisements," in the statute, does not mean that every insertion shall be repeated at length on the record as many times as it appears in the newspapers ; but refers to what immediately precedes as to the advertisement concerning the labor to be performed, and that of the sale of the land. The word *advertisements* is used to show that the two, for these different purposes, are to be recorded.

As to the date of one of the advertisements being in one paper the 3d of March, and in the other two the 10th, it is in compliance with the requirements of the statute as fully as if there was but one date in all.

After saying that the owners may work out their taxes, the statute proceeds thus :—"And it shall be the duty of such committee to notify the land-owners of such town, by advertising the same three weeks successively in [here specifying the newspapers] either in the month of March or April preceding the time such work is to be done."

*Philip C. Tucker for plaintiff.*—The plaintiff contends that said vendue title is not valid.

1st, Because the committee did not publish the notice

Addison,
January,
1834.

Clark
vs.
Tucker.

warning the land-holders to work out their tax in the necessary papers in the month of March 'or' April, three weeks successively, agreeably to the statute in such case made and provided; but the defendant contended, that said collector published them in the month of March 'and' April.

The word 'or,' made use of in the statute in this case being a *disjunctive* conjunction, did not confer upon the committee a right to publish a part in the month of March and another part in the month of April.—Rev. Stat. 1824, Chap. 99, p. 662, Sec. 3.—Chip. on Cont. p. 31, 32.—Pothier on Obligations, No. 247.

2d, Because the said advertisements were not all recorded at length in the town clerk's office in said Starksborough, nor were they at all, or any of them recorded as aforesaid according to law.—Rev. Stat. 1824, Chap. 99, p. 667, Sec. 3.

There is no equity in the defendant's title. The statute, in relation to vendue title, should be, and always has been, by the courts, construed strictly; for it is necessary that the collector and all persons acting officially in relation to land taxes, by the rules of law, should pursue their power *strictly*. However difficult, they must perform all prerequisites which stand as conditions precedent to their right of selling, such as giving all previous notices required, and in the *precise* manner required by law—otherwise the landowner cannot be considered as delinquent, and shall not forfeit his right.—Nat. Chip. Rep. *Underhill* vs. *Smith*, p. 82.

The opinion of the court was pronounced by

Mattocks, J.—There were sundry objections taken in the county court to the validity of the proceedings in relation to the vendue under which the defendant claimed. But as there is one objection that we deem fatal to the regularity of the vendue, it is not necessary to give an opinion upon the other points raised. No. 3 of the acts relating to particular land taxes, Sec. 3, after directing the collector, among other things, to present to the town clerk the newspapers in which the advertisements were published, says " that the clerk shall record the advertisements at length, and the title, the volume and number, and the date of the papers in which they were inserted, and the place where

Addison
January,
1834.

Clark
vs.
Tucker.

such paper was printed." Under this clause, it has been common for the clerks to record the advertisements, by copying each one, stating what the number, date, and place of printing the paper was, and then to add that the above advertisement was inserted in such and such other papers, and numbers, describing them, and naming the places where printed. This mode not having been decided irregular, and now assuming that such a recording would be valid, yet we find in this case, that the clerk, after recording the advertisement of the committee at length, which is dated 3d March, 1829, and certifying that it was inserted in the Vermont American, then goes on to say, " also the above advertisement, dated March 10th, 1829, was inserted in the Rutland Herald," &c. and the same repeated and applied to the Vermont Republican. The advertisement recorded, therefore, is dated the 3d, and the one referred to and called the same, is dated the 10th March. Supposing the advertisements themselves to be valid, though of different dates, yet there is a repugnance in the recorded advertisement and the one referred to; and they cannot be one advertisement, as the date is an essential part; and in any writing declared upon, this would be a fatal variance. There was evidently two advertisements, or the certificate of the town clerk was false, one dated the 3d, and the other the 10th, and the first only was recorded ; and if there were two deeds of like tenor, but of different dates, the first being duly recorded, and the clerk should certify that the second was like it, except the date, it would be no recording of the last. The collector has therefore most evidently omitted to cause the advertisements to be recorded as the statute directs : and this being an essential part of his duty, which is omitted, the vendue sale was not valid.

The judgment of the county court is reversed.